IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CHERYL L. ROY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 2:21-cv-00229 |
| | § | |
| | § | |
| | § | |
| COMPUTER CAREERS CENTER, L.P. | § | |
| DBA VISTA COLLEGE | § | |
| | § | **JURY DEMANDED** |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, CHERYL L. ROY, files this Complaint and Jury Demand against Defendant COMPUTER CAREERS CENTER, L.P., alleging violations of the Americans with Disabilities Act, Family Medical Leave Act and Section 504 of the Rehabilitation Act of 1973. For causes of action, Plaintiff would show the Court as follows:

### I.
### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff CHERYL L. ROY is a resident of Smith County, Texas.

2. Defendant COMPUTER CAREERS CENTER, L.P. doing business as VISTA COLLEGE (hereinafter "Vista College") is a Delaware entity which can be served with Citation through its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136. Defendant operates a school located at 1905 W Loop 281 Suite 21, Longview, TX 75604.

3. This Court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §1331.

4. Venue is proper in this district and division under 28 U.S.C. §1391(b)(1) because the incidents that gave rise to the claims in this case occurred in Gregg County, Texas.

### II.

## FACTUAL BACKGROUND

5. Plaintiff was a teacher for Vista College in Longview, Texas from September 15, 2014 until her termination on January 10, 2020. Plaintiff was diagnosed with breast cancer on November 30, 2018.

6. In May of 2019, Plaintiff underwent a double mastectomy for her cancer treatment. After the surgery, Plaintiff exhausted her Family Medical Leave.

7. Vista College was aware of Plaintiff's disability because she was absent from work with problems related to her cancer. Plaintiff was never reprimanded in any way for her work performance other than issues with absenteeism. Plaintiff was terminated on January 10, 2020 on account of absenteeism.

8. Plaintiff believes and therefore alleges that she was terminated to avoid having to make accommodations for her disability. Plaintiff further alleges that she was discriminated against by Vista College on the basis of her actual or perceived disability in violation of the Americans with Disabilities Act.

9. Plaintiff also believes and therefore alleges that Vista College interfered with her rights under the Family Medical Leave Act.

## III.
## CAUSES OF ACTION
## COUNT ONE:

**Discrimination on the Basis of Association with a Person with a Disability in violation of the ADA and TCHRA**

10. Defendant violated the Americans with Disabilities Act and the Texas Commission on Human Rights Act by discharging Plaintiff.  42 U.S.C. § 12101 *et seq.;* Texas Labor Code §21.001 *et seq*.

11. Under 42 U.S.C. §12112 and the Texas Labor Code, §21.001 *et seq.*, it is unlawful for an

employer to discriminate against any individual with respect to her employment because of that individual's association with a person with a disability.

12. Defendant is an employer under the ADA and the TCHRA.

13. Plaintiff was qualified for and could perform the essential functions of her job at the time of her termination.

14. The basis for Plaintiff's termination was false and therefore a pretext for discrimination against her.

15. Plaintiff was terminated as a direct result of her disability - cancer.

16. Defendant violated both the ADA and TCHRA by intentionally discriminating against Plaintiff because of her disability by terminating Plaintiff's employment. Plaintiff's disability was a determining or motivating factor in Defendant's decision to terminate Plaintiff's employment.

## COUNT TWO

### Family and Medical Leave Act

17. The Family and Medical Leave Act contains two distinct provisions: (1) an entitlement clause and (2) an anti-discrimination clause. See 29 U.S.C. §§ 2612, 2615. The entitlement clause provides a series of entitlements which give certain rights to employees such as the right to have their job back once they return from a qualified leave. This FMLA also contains provisions that prevent an employer from retaliating against an employee for taking FMLA leave. See 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b). Defendants are in willful violation of the FMLA. Defendants violated 29 U.S.C. §2612, §2614 and 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b).

18. Plaintiff availed herself of a protected right under the FMLA and was subsequently terminated. There is a causal connection between the Plaintiff's protected activity and Defendants' decision to terminate Plaintiff. Plaintiff's taking of FMLA was a motivating factor in the decision to

terminate, and as such was a cause of Plaintiff's damages, as set forth below.

19. The taking of FMLA leave under section 2612 shall not result in the loss of any employment benefit accrued prior to the date on which the leave commended. See 29 U.S.C. §2614(a)(2). Defendant violated these provisions of the FMLA by counting her FMLA protected absences against her attendance record.

## COUNT THREE

### Section 504 Of the Rehabilitation Act

20. Vista College discriminated against Roy because of her disability in violation of Section 504 of the Rehabilitation Act of 1973. The discriminatory practices and policies include, but are not limited to the following:

(a) Discriminating against Roy in the terms, conditions, and privileges of employment;
(b) By retaliating against Roy in violation of the Act;
(c) Refusing to accommodate the disability; and,
(d) Terminating Roy on account of her disability.

## IV.
## DAMAGES

21. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## V.
## COMPENSATORY DAMAGES

22. Defendant intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of her disability. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VI.
## PUNITIVE DAMAGES

23. The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VII.
## LIQUIDATED DAMAGES

24. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff further seeks liquidated damages in an amount equal to wages, salary, employment benefits, or other compensation lost by Plaintiff and described in §IV, *supra*.

## VIII.
## ATTORNEYS' FEES AND EXPERT FEES

25. A prevailing party may recover reasonable attorneys' and experts' fees. SEE TEX. LAB. CODE §21.259; 42 U.S.C. §2000e-5(k). Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees.

## IX.
## JURY DEMAND

26. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay;

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

6. The Court award Plaintiff reinstatement with a requirement of reasonable accommodation, or, in the alternative, that the Court award front pay to the Plaintiff.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
Hommel Law Firm
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Phone/Facsimile
bhommel@hommelfirm.com

ATTORNEY FOR PLAINTIFF